(14 Misc. Rep. 270.)

STANNARDS CORNERS RURAL CEMETERY ASS'N v. BRANDES.

(Supreme Court, Special Term, Allegany County.   October, 1895.)

1. EMINENT DOMAIN—PUBLIC USE.

A statute (Laws 1895, c. 559) which authorizes cemetery corporations to condemn lands does not authorize the taking of private property for private use, where it further provides (sections 45, 49) that such right shall exist where the by-laws of the cemetery corporation do not exclude any person from the privilege of purchasing a lot or burial in a cemetery on equal terms with other persons, and that the cemetery corporation shall sell the use of its lots to any person unless a certificate of incorporation or by-laws otherwise provide.

2. SAME—PETITION.

A petition to condemn land under such statute is defective where it does not show that petitioner's certificate of incorporation or its by-laws "do not exclude any person from the privilege, on equal terms with other persons, of purchasing a lot or burial in the cemetery."

3. SAME—AMENDMENT.

Such allegation is jurisdictional, and cannot be inserted in the petition by amendment.

Proceeding by the Stannards Corners Rural Cemetery Association against Charles Brandes to condemn land.

Frank Church, for plaintiff.

Oscar Fuller, for defendant.

WARD, J.   The Stannards Corners Rural Cemetery Association was incorporated under chapter 133 of the Laws of 1847, and the acts amendatory of the same, providing for the incorporation of rural cemetery associations.   That act was amended in 1873 so as to permit such associations to acquire title to lands by condemnation proceedings.   This provision was held to be unconstitutional by the court of appeals in Re Deansville Cemetery Ass'n, 66 N. Y. 569, for the reason that, under the statute cited, the lands to be taken were not for public use.   The court says at page 573:

"It is difficult to see what interest the public will have in the lands or in their use. No right on the part of the public to buy lots or bury their dead there is secured. The prices at which the lots are to be sold are to be fixed by private agreement. The corporation is to be managed by trustees elected by the lot owners. The lots, or the rights of the owners therein, are to descend as private property to the heirs of these owners," etc.

Therefore, the relief sought upon this motion could not be obtained under the statutes under which the petitioner was incorporated.   It, however, claims that it is entitled to such relief under article 3 of chapter 559 of the Laws of 1895.   This article 3 is entitled "Ceme-

tery Corporations," and provides for the incorporation of cemetery associations, and applies to all such associations theretofore created for cemetery purposes under a law repealed by that chapter or thereafter to be created, except family cemeteries. In the schedule of laws repealed attached to chapter 559, prior laws creating such rural cemetery associations are repealed, so that, by force of chapter 559, the petitioner is embraced within its provisions.

By section 45 of the last-mentioned act it is provided:

"If the certificate of incorporation or by-laws of a cemetery corporation do not exclude any person from the privilege on equal terms with other persons of purchasing a lot or of burial in its cemetery, such corporation may, from time to time, acquire by condemnation, exclusively for the purposes of a cemetery, not more than two hundred acres of land in the aggregate forming one continuous tract, wholly or partly within the county in which its certificate of incorporation is recorded," etc.

By section 49 of the act:

"The corporation, unless its certificate of incorporation or by-laws otherwise provide, shall, subject to its rules and regulations, sell and convey to any person the use of the lots or plats designated on the map filed in the office of the corporation, on payment," etc.

These provisions would seem to indicate that the purpose of chapter 559 of the Laws of 1895 was to open these rural cemeteries to all persons upon equal terms, and thus make their use public in such a sense as would permit them to acquire lands by condemnation proceedings, and I think that the purpose of the statute has been accomplished, and the objection which obtained in 66 N. Y., supra, has been avoided, and that rural cemetery associations, whose certificate of incorporation or by-laws do not exclude any person, can constitutionally secure the condemnation of lands for cemetery purposes.

The defendant, upon this motion, however, objects that it does not appear from the petition that the certificate of incorporation of the petitioner or its by-laws "do not exclude any person from the privilege, on equal terms with other persons, of purchasing a lot or of burial in its cemetery." This objection is well taken, and is fatal to the motion. It was suggested upon the argument by the counsel for the petitioner that, if the court deemed the petition defective in this or other respects, it might permit an amendment of the moving papers. The allegation omitted being jurisdictional, it cannot be well cured by an amendment, and the safer practice would be to move de novo if this objection can be avoided. The motion must be denied, with $10 costs, with leave, however, to the petitioner to renew the motion upon such papers, in addition to the ones used upon this motion, as it may be advised.

Motion denied, with $10 costs, with leave to renew.