## In re LYONS CEMETERY ASS'N.

(Supreme Court, Appellate Division, Fourth Department. March 8, 1904.)

1. EMINENT DOMAIN—PUBLIC PURPOSE—CEMETERY ASSOCIATION.

Membership Corporation Law (Laws 1895, c. 559, p. 343) § 45, provides that, if the certificate of incorporation or by-laws of a cemetery corporation do not exclude any person from the privilege of purchasing a lot or of burial in a cemetery, the corporation may exercise the right of eminent domain. Section 46, p. 344, requires the making of a map of the cemetery as laid out, and the filing thereof in the corporation's office, open to the inspection of all persons. Section 49, p. 345, provides that the directors must fix the price of burial lots, and keep a plainly printed copy of the schedule posted in the corporation's office, and, unless the certificate of the corporation or by-laws otherwise provide, the company shall sell and convey to any person a lot on payment of the price fixed. *Held*, that cemetery corporations were incorporated for a public purpose, so as to be entitled to exercise the right of eminent domain.

¶ 1. See Eminent Domain, vol. 18, Cent. Dig. § 89.

2. SAME—CONTINUOUS CONTRACT.

    Under Membership Corporation Law (Laws 1895, c. 559, p. 343) § 45, authorizing cemetery corporations to acquire by condemnation a certain amount of land, "forming one continuous tract," the fact that land to be so acquired is separated from that already owned by the corporation by a public highway does not prevent its acquisition; section 46, p. 344, providing for the laying out of cemetery grounds into lots, avenues, paths, walks, etc.

    Stover, J., dissenting.

Appeal from Judgment on Report of Referee.

Application by the Lyons Cemetery Association to acquire title by condemnation to certain real estate owned and possessed by Amelia Smart. From a judgment of condemnation, the landowner appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Hamm & Knapp, for appellant.
Wyncoop & Rice, for respondent.

WILLIAMS, J.    The judgment should be affirmed, with costs.

The proceeding was commenced by the Lyons Cemetery Association to acquire title to real estate owned by Amelia Smart.    The cemetery association was organized in 1847 under chapter 133, p. 125, of the laws of that year, for the incorporation of rural cemetery associations.    All except section 10 of the act of 1847 was repealed by the membership corporation law (chapter 559, p. 329, Laws 1895), and the substance of the act of 1847 and that of several amendatory statutes also repealed by the membership corporation law were re-enacted by that law.    Under section 32 of the statutory construction Law (chapter 677, p. 1492, Laws 1892), and its amendments, the rights, obligations, and liabilities of this cemetery association are to be determined by the membership corporation law and the statutes as to rural cemetery associations remaining unrepealed.

Chapter 452, p. 710, of the Laws of 1873, provided for the taking of lands for the purpose of rural cemetery associations, in the exercise of the right of eminent domain, as for a public use; and the Court of Appeals held that, under the statutes as they then existed, relating to such associations, the use was not a public, but a private, one.    Matter of Deansville Cemetery Association, 66 N. Y. 569, 23 Am. Rep. 86. The court, in discussing the question of use, said in that case:

    "It [the land to be taken] is to be vested in trustees, with power to divide into lots, and sell these lots to individual owners.    It is difficult to see what interest the public will have in the lands, or in their use.    No right on the part of the public to buy lots or bury their dead is secured.    The prices at which the lots are to be sold are to be fixed by private agreement.    The corporation is to be managed by trustees elected by the lot owners.    The lots, or the rights of the owners therein, are to descend as private property to the heirs of their owners; and, by the act of 1874, the owners may, by leave of the courts, sell their lots, and put the proceeds in their pockets.    The substantial right of enjoyment of the property is vested in the individual lot owners, and the whole effect of the incorporation of these cemetery associations is to enable a number of private individuals to unite in purchasing property for their own use and that of their descendants, as a place of burial, and to secure a permanent man-

agement of it through the instrumentality of trustees appointed by themselves, and subject to no other control, with the privilege, when they cease to use their lots as a place of burial, to sell them and receive the proceeds for their own benefit. It is argued that the property is to be used as a place of burial, and that the burial of the dead is a public benefit, and therefore the use is public. But the answer to this argument is that the right of burial in these grounds is not vested in the public or the public authorities, or subject to their control, but only in the individual lot owners," etc.

An attempt was made by certain provisions of the membership corporation law to make the use of the lands to be taken a public, instead of a private, one, and so render the statute permitting the taking of land in the exercise of the right of eminent domain constitutional and valid. These provisions are contained in sections 45, 46, and 49 (pages 343–345), of the act, and are as follows:

"Sec. 45. Acquisition of Property. If the certificate of incorporation or by-laws of a cemetery corporation do not exclude any person from the privilege on equal terms with other persons of purchasing a lot or of burial in its cemetery, such corporation may from time to time acquire by condemnation exclusively for the purposes of a cemetery, not more than two hundred acres of land in the aggregate forming one continuous tract, wholly or partly within the county in which its certificate of incorporation is recorded, except," etc.

"Sec. 46. Surveys and Maps of Cemetery. Every cemetery corporation shall from time to time as land in its cemetery may be required for burial purposes, survey and subdivide such land into lots or plots with avenues, paths, alleys, walks and ornamental plots, and make and file a map thereof in the office of the corporation, open to the inspection of all persons," etc.

"Sec. 49. Title and Rights of Lot Owners. The directors must fix and determine the prices of the burial lots or plots, and keep a plainly printed copy of the schedule of such prices publicly posted in the principal office of the corporation, open at all reasonable times to the inspection of all persons. The corporation, unless its certificate of incorporation or by-laws otherwise provide, shall, subject to its rules and regulations, sell and convey to any person the use of the lots or plots, designated on the map filed in the office of the corporation, on payment of the prices so fixed and determined, but need not sell and convey more than one lot or plot to one person," etc.

These provisions seem to obviate the objections to the statutes of 1873 and 1847 and their amendments, and to make the use of the lands to be taken a public, rather than a private, one, so as to permit the taking of land in the exercise of eminent domain. An association within the terms of these provisions of the membership corporation law is public in the sense that it is open to all persons alike to purchase lots or plots for burial purposes at the same price. They are beneficial to the public, and the public is entitled to share in such benefits, without any preference whatever to individuals. Mr. Justice Ward expressed the opinion that these provisions were constitutional, and authorized associations within such provisions to take lands thereunder; that the use was a public one. Stannards Corners R. C. Association v. Brandes, 14 Misc. Rep. 270, 35 N. Y. Supp. 1015. And in Matter of Burns, 155 N. Y. 23, 49 N. E. 246, it was held that:

"So long as the intended use of an improvement, sought to be accomplished through an exercise of the right of eminent domain, is not restricted to private parties or private interests, but is open to the whole public, it is no valid objection to the act authorizing it that it will benefit one person or some class of persons more than others, or that it originated in private interests, and was intended in some degree to subserve private purposes."

That case related to an act making a stream a public highway.

And in P. W. W. Co. v. Bird, 130 N. Y. 249, 29 N. E. 246, it was held that:

"The Legislature may vest a private person or corporation with the right of eminent domain, when the use to be made thereof is to acquire property for the public benefit. In order to make the use public, a duty must devolve upon the person or corporation to furnish the public with the use intended. This use may be limited to the inhabitants of a small or restricted locality, but it must be to those inhabitants in common, and not for a particular individual."

That case related to acts for the erection of waterworks to supply three villages with pure and wholesome water.

Under the rules laid down in these two cases, and the cases therein referred to, we think the use here was a public, and not a private, one. The cemetery association here was concededly within these provisions of the municipal corporation laws. The original cemetery is about eight acres in extent, is substantially all occupied, and the addition proposed, of about eight acres more, is urgently needed. The public would be greatly benefited by the enlargement of the cemetery, and the general public would share in the benefit, without preference of one individual over another. We do not regard the objection that the provisions in question are unconstitutional as well taken.

The requirements of sections 46 and 49 of the membership corporation law as to maps, surveys, and schedule of prices cannot well be complied with until title to the land in question is acquired. There are no lots or plots in the original cemetery to sell, and the new land cannot be plotted, and prices of lots fixed, until the same is annexed to the old cemetery. The statute requires these things to be done whenever lands of the association are required for burial purposes (sections 46, 49), and not before.

The lands proposed to be taken are adjoining the lands of the cemetery, and the two pieces therefore constitute a continuous tract; but the line between them is the center of a public highway, and therefore it is claimed that the tract is not a continuous one, within the meaning of the statute, as the lands within the boundaries of the highway cannot be used for burial purposes. The approach to the cemetery must be over this highway, and, in laying out the lands, there must be avenues, paths, alleys, and walks. Section 46, ante. We see no reason why this highway may not serve the purpose of an avenue in plotting the land for cemetery purposes, and the lands on either side could then be laid out into lots up to the margin of the highway. There is no necessity for giving the statute any such construction as contended for by the appellant, requiring the court to hold these two pieces of land do not constitute a continuous tract, when they are so in fact, merely because of the public highway over and across the same.

There are no other questions calling for discussion.

The judgment appealed from should be affirmed, with costs. All concur, except STOVER, J., who dissents.