WESTERLO RURAL CEMETERY ASSOCIATION, Appellant, v. ALIDA B. HOTALING, Respondent, et al., Defendant.— Appeal from an order of the County Court of Albany County which denied plaintiff's application to acquire by condemnation, for cemetery purposes, certain lands of the respondent. The lands sought to be condemned are separated from appellant's cemetery by a public highway and the court below held that, therefore, the properties did not form "one continuous tract" as required by section 75 of the Membership Corporations Law, the source of appellant's right of condemnation. The parcel to be acquired is described in the petition as beginning at a point in the east line of the highway and running thence, upon two successive courses, along such east line. It has been stipulated, however, that the highway was maintained by the Town of Westerlo until 1916, when its maintenance was taken over by the State, and that the records in certain public offices named do not show that title to the highway was ever acquired by conveyance or by condemnation by the State or the town. The stipulation further states that the deed to appellant, executed in 1896 by Ancel C. Requa and others, described its present lands as bounded " on the north and east by the Highway leading from Chesterville to Ford's Corners " and, further, that the 1943 deed whereby respondent acquired her title, described her lands as bounded " on the West by lands owned by the heirs of William Requa, deceased ". Appellant contends, on the basis of such stipulation, that respondent owns the fee of the highway, to the center line at least, and that the deed to appellant, describing the lands as bounded by the highway, had the effect of conveying to the center thereof in accordance with the rule stated in *Van Winkle* v. *Van Winkle* (184 N. Y. 193) the fee ownership being, in each case, subject to the highway easement. Thus, appellant urges, the division line between the properties is the center line of the highway. In our view, each conveyance is susceptible of the construction for which appellant contends but in each instance proof sufficient to determine the status of the highway and to ascertain the intent of the parties to the deeds will be required. Such evidence may not properly be adduced under the present allegations of the petition, which the stipulation above alluded to does not purport to amend, at least insofar as the petition describes the parcel sought to be acquired. Should the division line be established in accordance with appellant's contention, it would follow that the parcels are contiguous and form one continuous tract within the meaning of the statute, despite the public use for highway purposes of a portion of the tract. This was

the holding in *Matter of Lyons Cemetery Assn.* (93 App. Div. 19, 105 App. Div. 628, affd. 182 N. Y. 563) which we deemed controlling here. Section 75 also requires that the lands be acquired "exclusively for the purposes of a cemetery". Respondent contends that this provision alone bars the taking here, as the bed of the highway may not be used for burial purposes. From the record in the *Lyons* case it appears that this contention was advanced there and its rejection is implicit in the court's decision. Respondent argues also that, in the light of modern traffic conditions, we may not with any degree of realism indulge, as did the court in the *Lyons* case, the concept of a bisecting highway as an avenue of the cemetery. Whether or not that theory was essential to the decision, the fact remains, now as then, that such a highway will permit, rather than prevent, access from one parcel to the other, as would not be the case if privately held lands intervened. Respondent urges, further, that appellant seeks to accomplish by indirection an objective, which she deems contrary to public policy, in violation of section 95 of the Membership Corporations Law which provides, in part, that "no street, road, avenue or public thoroughfare shall be laid out through such cemetery, or any part of the lands held by such association for the purposes aforesaid, without the consent of the trustees of such association, and of two-thirds of the lot owners thereof, and then only by special permission of the legislature." Literally, at least, the statute is not applicable here but in any event it seems clear that its prohibition is against public authorities proposing to lay out roads and not against cemetery associations, for whose benefit, and that of their lot owners, the statute appears to have been enacted. Order modified to provide that the denial of the application be without prejudice to a renewal thereof upon an amended petition, and that plaintiff have leave to serve an amended petition within 20 days after service of a copy of the order to be entered hereon and notice of entry, and, as so modified, affirmed, without costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.