■ PINELAWN CEMETERY, Appellant, v ANTHONY CESARE, as Receiver of Taxes for the Town of Babylon, et al., Respondents.—In an action, *inter alia,* to declare that plaintiff's property utilized or held for cemetary purposes is exempt from real property taxes, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, dated April 25, 1977, which, after a nonjury trial, (1) declared that it was not entitled to a tax exemption for three parcels of its cemetery land, (2) declared that the tax assessments levied upon such parcels for the tax year 1972-1973 were valid and (3) permanently enjoined it from interring any bodies in such parcels. Judgment reversed, on the law and the facts, without costs or disbursements, and judgment is directed in favor of the plaintiff (1) declaring that its property used or held for cemetery purposes is exempt from real property taxes pursuant to section 450 of the Real Property Law, (2) declaring the inclusion of the parcels in question upon the assessment rolls of the Town of Babylon as taxable property is invalid, (3) declaring that the assessment of real property taxes upon said premises for the tax year 1972-1973 is unlawful, (4) directing that any claimed lien for unpaid taxes on said property for the tax year 1972-1973 be canceled, (5) directing that defendants remove the said real property as taxable property from the assessment rolls of the defendant town and remove the assessment for the tax year 1972-1973 from the town's tax records and (6) dissolving the injunction. We find that the plaintiff, its officers and their families, have not realized a pecuniary profit from the operations of the cemetery. So far as it appears on the present record, the sums realized upon the sales of cemetery land merely constituted the payment of its purchase price to its former owners pursuant to the terms of the land purchase certificates in exchange for which the land was initially acquired (see former Membership Corporations Law, §§ 50, 54 [L 1895, ch 559]). In 1902 11 adjacent cemeteries, each owning approximately 200 acres of land held exclusively for cemetery purposes (the then-limit permitted by statute [former Membership Corporations Law, § 45]) were consolidated by court order into one consolidated cemetery corporation, the plaintiff, Pinelawn, which after selling some of its property, now owns 785 acres, more or less, dedicated to cemetery usage. The current statutory limit is 250 acres for one cemetery corporation (Not-For-Profit Corporation Law, § 1506, subd [c]). The defendants have placed three parcels of plaintiff's property on the

tax assessment rolls for 1972-1973 and have assessed a real property tax against those parcels on the theory that (1) they are no longer tax exempt because they are not being "actually used and occupied for cemetery purposes" in accordance with section 450 of the Real Property Law and (2) plaintiff may in no event use more than 250 of its acres for cemetery purposes (see Not-For-Profit Corporation Law, § 1506, subd [c]). It is undisputed that there had been interments on the lands of each of the 11 constituent cemetery corporations prior to the consolidation and that each of these constituent corporations was, at least, a "going", if not a "growing", concern in its own right. Moreover, it is nowhere contended that any of the constituent corporations was illegally or improperly organized. Pinelawn asserts, and defendants do not deny, that the three parcels which are the subject of the instant suit were gerrymandered out of the remainder of its property so that none of the tax parcels would contain a grave or a mausoleum. The presence of either would tend to establish actual use and therefore preclude an assessment (see Real Property Law, § 450). Pinelawn contends that the land comprising the three taxed parcels is not being currently utilized *only* in the sense that it is being held in reserve for future burial of the dead. In our opinion the taxed parcels are being utilized for cemetery purposes even though no dead body has yet to be interred therein. As the Court of Appeals stated some 70 years ago in *People ex rel. Buffalo Burial Park Assn. v Stilwell* (190 NY 284, 290-291): "There can be no doubt that the lands of a cemetery association actually used and occupied for cemetery purposes are exempt from taxation under chapter 310 of the Laws of 1879 [the progenitor of our present Real Property Law, § 450] * * * But if it be assumed for the purpose of the argument that everything stated in the return is to be taken as true, these facts do not necessarily show that the land was taxable, or that it was not devoted to cemetery purposes within the fair meaning of the law. The cemetery in question was, to use a business expression, a going and growing concern. *It was not all occupied by burial plots or by the graves of the dead. It may not be fully occupied for such purposes for many years to come. Of course it is not necessary that the cemetery should be filled with graves in order to be entitled to the exemption*" (emphasis supplied). (See *People ex rel. Oak Hill Cemetery Assn. v Pratt,* 129 NY 68.) We further hold that upon consolidation Pinelawn was permitted to use the total acreage acquired from each of the constituent cemetery corporations, none of which had originally held more than the then-permissible limit of 200 acres. As this court (per Blackmar, J.) observed in *Matter of Chauncey* (191 App Div 359, 363), with reference to this identical consolidation: "The claim that the cemetery association holds an amount of land in excess of that permitted by the law of its organization [as was held by Special Term] is entirely irrelevant to the question that we are discussing. [Nevertheless, i]t is not clear that the holding is illegal. The eleven [constituent] cemetery corporations were legally organized and the lands were conveyed to them in consideration of the issuance of the land purchase certificates. The consolidation of these corporations was accomplished pursuant to section 7 of the Membership Corporations Law, which was then chapter 559 of the Laws of 1895, as amended by chapter 439 of the Laws of 1902, which eliminated from [said] section 7 the provision that the consolidated corporation should 'have only such rights, powers and privileges' as a membership corporation formed under this chapter for the same purposes." (Cf. Not-For-Profit Corporation Law, § 905, subd [b], par [1], which provides, *inter alia,* that upon consolidation or merger the "surviving or consolidated corporation shall thereafter * * * possess all the rights, privi-

leges, immunities, powers and purposes of each of the constituent corporations.") We subscribe to the dicta of Justice Blackmar, and therefore conclude that plaintiff's property was not deprived of its former tax exempt status by virtue of the consolidation. Pinelawn is therefore entitled to judgment in its favor to the extent indicated herein. Latham, J. P., Rabin, Gulotta and Cohalan, JJ., concur. [90 Misc 2d 736.]