■ In the Matter of COUNTY OF SUFFOLK, Appellant, v PINELAWN CEMETERY, Respondent.—In a condemnation proceeding pursuant to EDPL 402 for an order authorizing the filing of an acquisition map, the County of Suffolk appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated December 17, 1985, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner seeks to acquire a strip of the respondent's land totaling approximately one-half acre in area for the purpose of widening County Road 28. Although lands devoted to cemetery purposes such as the respondent's *(see, Pinelawn Cemetery v Cesare,* 64 AD2d 607) are not entirely "beyond the reach of the power of eminent domain" *(Matter of Board of St. Opening,* 133 NY 329, 333), the power of eminent domain is, in some instances, restricted.

Not-For-Profit Corporation Law § 1506 (k) provides: "So long as the lands of a rural cemetery corporation * * * shall remain dedicated to the purpose of a cemetery, no street, road, avenue or public thoroughfare shall be laid out through such cemetery, or any part of the lands held by such association for the purposes aforesaid, without the consent of the trustees of such association and the cemetery board". In enacting Not-For-Profit Corporation Law § 1506 (k) and its predecessors *(see,* L 1847, ch 133, § 10, former Membership Corporation Law § 95), the Legislature "practically promised * * * that these cemetery grounds should be put to no other use except by special permission of the Legislature" *(Matter of Mayor of City of New York,* 23 App Div 518, 522).

Here, the petitioner has not obtained the requisite consent.

The petitioner suggests that takings for the purpose of widening existing highways should be excluded from the consent requirement. However, such a rule would defeat the intent of the Legislature. Furthermore, as the respondent's lands are already devoted to public use (see, Matter of Lyons Cemetery Assn., 93 App Div 19), the petitioner's general power of eminent domain does not empower it to acquire the respondent's land (see, Matter of Board of St. Opening, supra; 8 White, NY Corporations § 1506.11 [13th ed]). Bracken, J. P., Rubin, Eiber and Sullivan, JJ., concur.